**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD G. BECKER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 4:04CV1100-DJS |
| | ) | |
| **AL LUEBBERS,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on the report and recommendation of the United States Magistrate Judge, recommending denial of the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and petitioner's objections thereto. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court gives de novo consideration to those portions of the magistrate judge's recommendation to which specific objections are made. Petitioner has objected to the magistrate judge's analysis of each of the twenty-seven grounds for relief. The objections include a multitude of citations to the record. The Court has reviewed the cited material and petitioner's arguments, and finds them unpersuasive. The report and recommendation will be adopted as a whole and the objections will be overruled.

Petitioner is presently incarcerated at Farmington Correctional Center in Farmington, Missouri, pursuant to the judgment and sentence of the Circuit Court of the City of St.

Louis, Missouri.  On August 24, 1995, after a jury trial, petitioner was found guilty of four counts of sodomy, two counts of sexual abuse, and one count of attempted forcible rape.[1] Petitioner's two daughters are the victims of the acts.  He was sentenced to a term of life imprisonment for sodomy and a second term of life imprisonment for attempted forcible rape, to be served concurrently.  After an appeal, petitioner was resentenced to a term not to exceed seven years on the forcible sodomy count, to run concurrently with his life sentence on the attempted rape count.[2]

On August 19, 2004, pro se petitioner filed the instant petition for a writ of habeas corpus, raising 27 grounds for relief.

Pursuant to 28 U.S.C. § 636(b)(1), the Court gives de novo consideration to those portions of the report and recommendation to which objections are made.[3]  Petitioner objects

---

[1] Of the nine counts in the indictment, the trial court granted a motion for acquittal on Count I and the state chose not to proceed on Count IX.  The trial court granted petitioner's Motion for New Trial with respect to Counts II, III, IV, V, and VI, due to a mistake in petitioner's prior offender status.  The state elected not to proceed against petitioner on those counts and entered a Memorandum of Nolle Prosequi as to Counts II through VI.  The trial court overruled petitioner's Motion for a New Trial with respect to Counts VII (Sodomy) and VIII (Attempt to Commit Forcible Rape).  The court proceeded to sentence petitioner on those two counts.

[2] The report and recommendation provides a more thorough recitation of the procedural history.

[3] The Court has reviewed de novo the portions of the report and recommendation to which petitioner has objected.  An

2

to the magistrate judge's recommendations with respect to each ground. With respect to Grounds Four, Five, Six, Seven, Eight, Nine, Thirteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Four, and Twenty-Seven, petitioner has only included citations to other filings and asserts the magistrate judge's analysis is incorrect. After reviewing the filings to which petitioner cites, the Court is not persuaded and will adopt the report and recommendation with respect to those grounds.[4] With respect to the remaining grounds, petitioner cites to hundreds of pages of argument, exhibits, and transcripts. To the extent the Court could discern petitioner's citations, the Court has reviewed the references. The remaining grounds are addressed below seriatim.

In Ground One, petitioner asserts his convictions and sentences are the result of a vindictive prosecution as Counts IV, V, VII, and VIII were added to the indictment after a mistrial. Petitioner argues that a review of certain portions of the record will demonstrate that "there was more served charges added to the indictment." (Petitioner's Objections [Doc. #110] at 3.) While the charges were added, as the report and recommendation bears out,

---

evidentiary hearing was not held in the instant matter, as the magistrate judge found that the hearing was not necessary.

[4] Although the magistrate judge does not explicitly recommend that Ground Seventeen be denied, the Court interprets the report and recommendation to include that recommendation and adopts it.

petitioner procedurally defaulted his claim by failing to preserve the claim on appeal and has not shown cause to excuse the default. Furthermore, there is not objective evidence to show that the charges were added because of a motivation to punish petitioner, who notably was not the cause of the mistrial. Furthermore, petitioner was re-indicted on nearly identical charges. Consequently, the Court overrules the objection and adopts the report and recommendation as to Ground One.

In Ground Two, petitioner asserts the evidence was insufficient on Count VIII for attempted forcible rape. Petitioner's objection argues that he was unaware that he was being tried for attempted forcible rape, as opposed to statutory rape. As discussed in the report and recommendation, petitioner's opening statement and examinations of witnesses demonstrated that he was aware he was being charged with attempted forcible rape, as opposed to statutory rape. The documents to which petitioner cites are unpersuasive on those points. Consequently, the Court overrules the objection and adopts the report and recommendation as to Ground Two.

In Ground Three, petitioner asserts the evidence was insufficient on Count VII for sodomy. Petitioner argues that he was sentenced for forcible sodomy, even though he was not indicted for that crime. Ground Three only addresses the sufficiency of the evidence, not whether petitioner was sentenced for a crime for

which he was never indicted. Grounds for relief are not properly raised for the first time in a petitioner's objections to a report and recommendation. To the extent that petitioner's citations include arguments on point, the Court is not persuaded. Consequently, the Court overrules the objection and adopts the report and recommendation as to Ground Three.

In Ground Ten, petitioner asserts trial counsel was ineffective for not calling or introducing reports from Wellington Lemmer, Elizabeth Thompson, Detective Yarborough, the St. Clair County Department of Probation, and/or Melissa Roberts. The Court has reviewed petitioners objection and arguments, but is not persuaded. The magistrate judge's analysis remains correct. Petitioner cannot demonstrate prejudice as the witnesses would not have provided a defense for petitioner. Consequently, the Court overrules the objection and adopts the report and recommendation as to Ground Ten.

In Ground Eleven, petitioner asserts trial counsel was ineffective for not calling Charles Bays, Chance Bays, and Nick Stasiak about the circumstances surrounding the attempted rape and for not effectively questioning Linda Bays and Jaime Becker about those circumstances. Petitioner's objection asserts that trial counsel was not prepared adequately for trial due to counsel's ten-day period of trial preparation, during which time counsel allegedly tried two other criminal matters. Not only does

petitioner's objection fail to address the report and recommendation, but petitioner's arguments and citations to the record are unpersuasive. Petitioner presents no objective evidence that his counsel was unprepared. The record reveals that trial counsel was in fact prepared for trial and made decisions not to call or further question the aforementioned witnesses in keeping with a sound trial strategy. Consequently, the Court overrules the objection and adopts the report and recommendation as to Ground Eleven.

In Ground Twelve, petitioner asserts that the motion court erred in finding, after a hearing, that petitioner had not established by competent evidence that one of the victims had made prior false allegations of abuse, and in rejecting petitioner's claim that trial counsel was ineffective for not introducing such evidence. Petitioner's objection to the report and recommendation argues that one of the victims had filed false police reports. Petitioner's citations to previous arguments and the testimony of his trial counsel do not establish this assertion. The Court overrules the objection, and agrees with and adopts the magistrate judge's report and recommendation with respect to Ground Twelve, which finds that petitioner has failed to establish by competent evidence that the victim made prior false allegations of sexual abuse and is unable to demonstrate prejudice from trial counsel's failure to present the alleged impeachment evidence.

In Ground Fourteen, petitioner asserts trial counsel was ineffective for failure to cross-examine one of the victims concerning: (a) the events surrounding the attempted rape, (b) letters the victim wrote to her sister while in the hospital, and (c) her alleged anger at petitioner. In addition to including several citations, petitioner makes the same objection concerning his trial counsel's limited period of preparation. The same analysis discussed above applies to that argument. Here again, petitioner has not shown that trial counsel performed deficiently or that petitioner was prejudiced by the performance. Upon review of the documents and arguments to which petitioner cites, the Court is not persuaded to grant petitioner relief and overrules the objection. The magistrate judge's report and recommendation is adopted with respect to its analysis of Ground Fourteen.

In Ground Twenty-Three, petitioner asserts that he received ineffective assistance of counsel because trial counsel did not adequately prepare for trial. Petitioner repeats his arguments concerning counsel's preparedness for trial. The Court has reviewed petitioner's citations and arguments and finds them unpersuasive. Consequently, the objection is overruled and the magistrate judge's report and recommendation is adopted with respect to its analysis of Ground Twenty-Three.

In Ground Twenty-Five, petitioner asserts his appellate counsel was ineffective in not properly arguing sufficiency of the

7

evidence claims. Petitioner has not persuaded the Court that the claims had any merit. Given the testimony of the victims, sufficient evidence existed with respect to both the attempted forcible rape count and the sodomy count. Consequently, counsel's arguments were not deficient. Upon review of the plethora of documents petitioner cites, the Court overrules the objection and adopts the report and recommendation with respect to Ground Twenty-Five.

In Ground Twenty-Six, petitioner asserts that appellate counsel was ineffective for not briefing the change in the statute defining statutory sodomy, Mo. Rev. Stat. § 566.034, that occurred after the offense, but before the trial. The Missouri Court of Appeals vacated petitioner's sentence for forcible sodomy and remanded the cause for resentencing to a term not to exceed seven years, the maximum according to the new statute. Petitioner received the relief to which he was entitled and cannot demonstrate prejudice. Furthermore, petitioner's citations are unpersuasive. The Court overrules the objection and adopts the magistrate judge's report and recommendation with respect to Ground Twenty-Six.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation of the United States Magistrate Judge [Doc. #110] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #12] is accepted and adopted.

Dated this   23rd   day of July, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE